BIRDSEYE v. LE PORIN.

(Supreme Court, Special Term, New York County. December, 1914.)

LIS PENDENS (§ 3*)—ACTION AFFECTING TITLE TO OR POSSESSION OF REAL PROPERTY.

An action to have defendant declared to hold a certain mortgage as trustee for the plaintiff, and directed to turn the mortgage over to the plaintiff, and enjoining defendant from otherwise disposing of the mortgage, and for the appointment of a receiver for the mortgage and the mortgaged premises, without allegation that the mortgage was overdue, or of any default on the part of the mortgagor, or allegation justifying a receiver, does not affect the title to or the possession or use or enjoyment of real property, so that defendant's motion to cancel a lis pendens and strike it from the docket will be granted.

[Ed. Note.—For other cases, see Lis Pendens, Cent. Dig. §§ 3–8; Dec. Dig. § 3.*]

Action by Clarence F. Birdseye against Frederic W. Le Porin. On motion by defendant to cancel and strike from the docket a notice of pendency of the action. Motion granted.

A. P. Bachman, of New York City, for the motion.
Clarence F. Birdseye, of New York City, pro se.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

GIEGERICH, J.   On this application for a reargument the same question is presented as in Re Secured Holdings Corporation, 151 N. Y. Supp. 422, herewith decided, respecting the right of an attorney who has been suspended from practice to continue to individually prosecute an action he has brought and in which he appeared in person.   This motion, like the other, is brought to strike from the docket of the county clerk the notice of pendency of the action.

The question of the plaintiff's right to file a lis pendens is not the same, however, in this case as in the other.   In this case, the motion to cancel is made by the defendant.   The action is brought to procure a judgment decreeing that the defendant holds a certain mortgage as trustee for the plaintiff, and directing the defendant to turn the mortgage over to the plaintiff, and enjoining the defendant from otherwise disposing of the mortgage, and for the appointment of a receiver of the mortgage and of the mortgaged premises.   I am unable to see how the judgment sought affects the title to or the possession or use or enjoyment of real property.   The question relates to the beneficial ownership of the mortgage on the real property, but it makes no difference to the owner of that property who is the owner of the mortgage.   It is true that the prayer for relief does ask for the appointment of a receiver of the premises, but there is no allegation in the complaint that the mortgage is overdue, or that there has been any default on the part of the mortgagor, or any other allegation to justify a prayer for the appointment of a receiver of the premises.

The motion. in so far as it seeks for a cancellation of the lis pendens,. should therefore be granted.   The other branches of the motion, which seek to strike out the amended complaint and for judgment on the original complaint, I deny.

Motion granted as indicated, with $10 costs.   Settle order on notice.